AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| VICTOR CAMPUSANO-MORETA a/k/a ANGEL RIVERA | ) ) ) ) ) | Case No. 18-43M |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 23, 2018** in the county of **New Castle** in the _____ District of **Delaware**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry of Previously Removed Alien |

This criminal complaint is based on these facts:

See the attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David Savina, ICE Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/13/2018

_____
*Judge's signature*

City and state: Wilmington, Delaware

Hon. Mary Pat Thynge, Chief U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. ACT. NO. 18 - 43M |
| | ) | |
| VICTOR CAMPUSANO-MORETA, | ) | |
| a/k/a ANGEL RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, David Savina, being duly sworn, deposes and says:

1. Your Affiant is a Deportation Officer with the Department of Immigration & Customs Enforcement ("ICE"), a branch of the United States Department of Homeland Security ("DHS"), at the ICE office located in Dover, Delaware. Your Affiant has been employed as a Deportation Officer since August of 1998.

2. This investigation is based upon information provided in DHS/ICE records, National Crime Information Center ("NCIC") records, Federal Bureau of Investigation ("FBI") records, and by Your Affiant's observations and interviews. Since this affidavit is only for purposes of establishing probable cause for an arrest pursuant to Title 8, United States Code, Sections 1326(a), not all facts related to this investigation are contained herein.

3. On or about February 13, 2018, the ICE Dover office received notification that Howard R. Young Correctional Institute in Wilmington, Delaware had custody of a possible illegal alien. Your Affiant conducted an in person interview and ran the subject thru ICE database and NCIC records, which indicated that the subject, Victor CAMPUSANO-MORETA, was a possible illegal alien from the Dominican Republic.

4. Your Affiant identified CAMPUSANO-MORETA by biometric fingerprints in ICE's automated database, on February 13, 2018. The results of that query showed that the United States government previously ordered Victor CAMPUSANO-MORETA removed on June 2, 2009. Immigration officials actually removed Victor CAMPUSANO-MORETA on December 30, 2009.

Your Affiant also searched CAMPUSANO-MORETA's fingerprints in the FBI database. These fingerprints matched FBI #XXXXXDD3, which also confirmed this prior removal from the United States.

5. On February 23, 2018, Your Affiant interviewed Victor CAMPUSANO-MORETA at the Howard R. Young Correctional Institute. Once advised of his rights in Spanish pursuant to *Miranda v. Arizona*, CAMPUSANO-MORETA agreed to sign a written waiver of his rights and speak with Your Affiant with assistance from a translator. Victor CAMPUSANO-MORETA agreed to answer all questions without an attorney present.

6. During his interview, Victor CAMPUSANO-MORETA admitted that he had no valid documents to verify he entered the United States by means of inspection or parole by an immigration official. He also stated that he knowingly reentered the United States illegally without the permission of the United States Secretary of Homeland Security.

7. Your Affiant reviewed DHS/ICE alien database records and documents from Victor CAMPUSANO-MORETA's ICE alien file (AXXX-XXX-652), which indicate that CAMPUSANO-MORETA was born in the Dominican Republic and that he originally entered the United States on an unknown date, at or near the United States/Mexico border without inspection or parole by an immigration official. These records also confirmed the following:

    a. Immigration officials ordered CAMPUSANO-MORETA's removal pursuant to Sections 235(a)(1) of the INA on June 2, 2009.

    b. After his order of removal, but prior to his physical removal, CAMPUSANO-MORETA pled guilty to a felony possession and attempt to use government documents. The United States District Court for the District of Puerto Rico sentenced the defendant to time served with two years of probation to follow on December 9, 2009.

    c. The United States subsequently removed CAMPUSANO-MORETA to the Dominican Republic on December 30, 2009.

The records contain no indication that he had obtained permission from the United States government to re-enter the country.

WHEREFORE, Your Affiant avers that there is probable cause to believe that Victor CAMPUSANO-MORETA, a citizen and native of the Dominican Republic, was previously ordered removed to the Dominican Republic on or about June 2, 2009 and actually removed on December 30, 2009, and that he was subsequently found in the United States on February 25, 2018, without the express consent of the United States Secretary of Homeland Security to reapply for admission in violation of Title 8, United States Code, Sections 1326(a).

David Savina
Deportation Officer
United States Immigration & Customs Enforcement

Subscribed and sworn to
before me this 13th day of March, 2018.

HONORABLE MARY PAT THYNGE
Chief United States Magistrate Judge
District of Delaware